UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| U.S. RING BINDER, LP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:08cv0583 TCM |
| | ) |
| STAPLES THE OFFICE | ) |
| SUPERSTORE LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Plaintiff, U.S. Ring Binder, LP, requesting reconsideration of several portions of the Court's Memorandum and Order on Claim Construction, including three alleged inconsistencies in construing portions of Claim 1 of Plaintiff's patent number 5,816,729 (the '729 patent). Plaintiff argues in its motion, inter alia, that the term "said release levers" in Claims 1 and 7 of the '729 patent is a typographical error. After reviewing the Court's claim construction order, the claim construction briefs, and the pending motion and supporting and opposing memorandum, the Court amends its claim construction order as detailed below.

The relevant claim construction for reconsideration is set out in Claim 1, Issue 4, in the Court's previous claim construction order. The term release levers is in dispute. In the Markman[1] proceedings, Plaintiff took the position that the term was unambiguous and further argued that the use of the plural version of levers was a mistake; the term should be singular

---

[1] Markman v. Westview Instruments, Inc., 517 U.S. 370 (1996).

– "lever."  In support of their position to the contrary, Defendants cited language in the patent's "Detailed Description of the Invention" section describing Figure 3, a side elevational view of the ring metal, by using the term "levers" (plural) in two places.  (See '729 patent, Col. 3, ll. 63-66; Col. 3, ll. 31-32.)  The Court agreed with Defendants, finding that the plural version of "lever" was accurate and was intended by the inventor.

In Plaintiff's memorandum in support of the pending motion, Plaintiff, for the first time, provides the Court with a copy of a March 1998 Amendment A to the patent.  (Plf. Ex. 1.)  The sought-after amendments to Claim 1 included amending the term "release levers" to read "a release lever" – as the '729 Patent currently provides.  (See '729 patent, col. 4, l. 66.)  The plural "release levers" used in the remaining portion of Claim 1 is therefore inconsistent with Amendment A and the existing claim language.  (See, e.g. Col. 5, l. 3 ("said release lever*s*" (emphasis added)).

Plaintiff's argument that the plural "levers" is a mistake is buttressed by its reference to the language in Column 6, line 23 using the term "two release levers" when referring to the release lever at each end of the cover.  Moreover, Claim 1 language specifically describes "a" release lever, clearly referring to the singular form of "lever."

Because the Court's previous construction included the plural version of the term "release levers," an appropriate modification to the Court's claim construction order is required.  The phrase "mounted at opposite ends" is now inconsistent with the singular term "release lever."  For the foregoing reasons, the Court construes "release lever" as follows:

> **A rigid bar located at an end of the cover or shield extending longitudinally of and coplanar with cover or shield sized to fit the finger of the user and operated by the user of the binder to move leaves to open and close binder. Each release lever includes a thumb or finger plate and a lever arm.**

The Court further finds, however, that Plaintiff's remaining allegations of inconsistencies in the Court's Memorandum and Order on Claim Construction are without merit.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration is **GRANTED** in part and **DENIED** in part as set forth above. [Doc. 87]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this <u>5th</u> day of May, 2009.