UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| U.S. RING BINDER, L.P., | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 4:08cv0583 TCM |
| STAPLES THE OFFICE SUPERSTORE LLC, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' motion for claim construction of the term "lever arm." [Doc. 99] This term appears in United States Patent No. 5,816,729, (the '729 patent) and its construction is contested by the parties. The Court has previously presided over a claim construction hearing in this patent case, and amended its order as to the term "release lever." Because of these rulings, the parties have requested that an additional term – "lever arm" – be construed by the Court. The general legal standards governing claim construction were set forth in that earlier Memorandum and Order, see Document 82, and will not be repeated here.

In support of their respective positions, the parties direct the Court to the specifications in the patent wherein the disputed term appears: "Each release lever includes a thumb or finger plate and a lever arm depending beneath the plate. These lever arms extend through an opening in a respective bolster by which the low profile ring metal is attached to spine of the binder by a fastener such as a rivet." ('729 patent, Col. 3, ll. 36-41.)

(reference to plates omitted). "The lever arms are generally U-shaped arms by which the thumb or finger pressure applied to a plate is transmitted to the leaves to move them in the appropriate direction." (Id. Col. 3, ll. 51-54) (reference to plates omitted).

Although not specifically referred to by the parties, the disputed "lever arm" term appears in five claims of the patent, i.e., Claims 1, 4, 7, 9, and 15. Defendants propose the following claim construction:

> The portion of the release lever by which the thumb or finger pressure applied to the finger plate is transmitted to the leaves. Such portion is attached to the leaves of the binder and does not require any additional mechanisms or fasteners, such as a pin, to provide for operation of the leaves.

Plaintiff provides no alternative construction and simply asks the Court to reject Defendants' proposed claim construction on the grounds that: (1) the Court already rejected Defendants' construction in its prior ruling; (2) Defendants improperly rely on the prosecution history; and (3) Defendants seek to improperly narrow the scope of the asserted claims.

The prosecution history reveals that on December 18, 1987, the patent examiner issued an Office Action Summary rejecting Claims 1 through 19 of the '729 patent application. (Defs. Ex.1) In rejecting these Claims, the examiner cited United States Patent No. 779,142 (the "Trussell" patent) and the United States Patent No. 1,997,447) (the "Birbaum" patent). (Id.) In response, on March 19, 1998, Plaintiff submitted Amendment A, explaining why its '729 patent was distinguishable from the Trussell and Birbaum patents.

> The Trussell Patent also fails to teach or disclose the lever arm set forth in the claims. . . . The lever 7 of the Trussell Patent is attached to a spring

> plate by a pin 8. No similar configuration or construction is required in the present invention (see e.g. FIGS. 3 & 4). To the contrary, the lever arms of the present invention attach to the leaves of the binder without requiring any additional mechanisms or fasteners to provide for operation of the leaves, thereby eliminating the need for a pin 8 as required in the Trussell binder, and also eliminating additional manufacturing and labor costs assembling such binder as taught by the Trussell patent.
>
> . . .
>
> As noted by the Examiner, the lever of Trussell travels up and down and rocks about pin 8. As discussed above, no similar fastening mechanism is required in the present invention to secure the lever to the leaves or binder. . . .
>
> No structure that is similar to the Birbaum configuration is required in the present invention. The lever of the present invention does not rock about a pin as required in the Trussell patent, or about a rivet or require trunnions to provide for a rocking motion as required in the Birbaum patent.

(Defs. Ex. 4 at 9, 10-11.)

In the Court's previous order defining the term "release lever," it rejected Defendants' argument that the release lever is attached to the leaves of the binder because "[a] careful reading of that excerpt [in Amendment A] makes it clear that the response is addressing the function of the lever arm." (Doc. 82, Mem. at 9.) As is evident from the above-quoted portions of Amendment A, the '729 patent is distinguishable from the Trussell and Birbaum patents because the lever arms attach to the leaves of the binder, thereby eliminating the need for a pin, a rivet, or trunnions as provided in those two patents. Also, as Plaintiff explains in its Amendment, because of this lack of a need for additional mechanisms to operate the leaves additional manufacturing and labor costs associated with such assembly are also eliminated.

As noted in its previous Memorandum, the Court must first look to the claim language to define the scope of the invention. See **Vitronics Corp. v. Conceptronic, Inc.**, 90 F.3d 1576, 1582 (Fed. Cir. 1996). However, the prosecution history may limit the interpretation of the claim terms if such interpretation is disclaimed during the prosecution of the patent. **Southwall Techs., Inc. v. Cardinal IG, Co.**, 54 F.3d 1570, 1576 (Fed. Cir. 1995); accord **Omega Eng'g, Inc. v. Raytek Corp.**, 334 F.3d 1314, 1324 (Fed. Cir. 2003) ("[W]here the patentee has unequivocally disavowed a certain meaning to obtain his patent, the doctrine of prosecution disclaimer attaches and narrows the ordinary meeting of the claim congruent with the scope of the surrender."). Disavowing statements must be "so clear as to show reasonable clarity and deliberateness." **Id.** at 1325; accord **Invitrogen Corp. v. Biocrest Mfg., L.P.**, 327 F.3d 1364, 1369 (Fed. Cir. 2003).

The quoted portions of Plaintiff's prosecution history shows both reasonable clarity and deliberateness. The lever arms attach to the leaves without the need for mechanisms or fasteners and eliminate the need for a pin, rivet, or trunnions. (Defs. Ex. 4 at 9-11). This statement is similar to the disclaimers found in **Omega**, 334 F.3d at 1326, and in **Voda v. Cordis Corp.**, 536 F.3d 1311 (Fed. Cir. 2008), to be clear and unmistakable. In **Voda**, the patentee amended its claim during prosecution of the patent to specify a length of the catheter that would engage the wall of the aorta as compared to the three patents cited by the Patent Office as prior art. **Id.** at 1321-22. In rejecting the alleged infringer's argument that the limitations addressed only the shape of the catheter in its rest state and, therefore, did not

distinguish the patent from prior art, the court noted the remarks accompanying the amendment made no reference to the shape of the contact portion of the catheter in its rest state but were directed to distinguishing the catheter based on its shape and length when in use. **Id.** at 1322. The court then concluded that the prosecution history did not "clearly and unmistakably limit the scope" of the contested claims as advocated by the alleged infringer. **Id.**

In the instant case, Plaintiff's statement in its prosecution history narrowed the term "lever arm." Accordingly, the Court construes the claim term lever arm as follows:

> **Each release lever includes a thumb or finger plate and a lever arm. The lever arm is attached to the leaves of the binder without requiring any additional mechanisms or fasteners such as a pin, a rivet or trunnions to operate the leaves.**

This claim construction is consistent with the Court's prior order, properly relies on the prosecution history, and does not improperly limit the scope of '729 patent. Defendants' motion for claim construction is DENIED. [Doc. 99]

SO ORDERED.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of August, 2009.