UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| U.S. RING BINDER, L.P., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:08cv0583 TCM |
| STAPLES THE OFFICE SUPERSTORE LLC, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This patent dispute is before the Court on the renewed motion for summary judgment by Staples The Office Superstore, LLC; World Wide Stationery Manufacturing Co., Ltd.; Charles Leonard National, Inc.; and Charles Leonard Western, Inc. (collectively referred to as "Defendants"); on motions to strike declarations; and on a motion for a hearing on the previous motions. [Docs. 118, 127, 134, 141, 144]

### Background

U.S. Ring Binder, L.P. ("Plaintiff") has a patent, United States Patent No. 5,816,729 ("the '729 patent"), for a "Ring Binder with Low Profile Ring Metal." World Wide Stationary Manufacturing Company, Ltd. ("World Wide") manufacturers an "EZ-Touch" ring metal device used in loose-leaf binders. (Stip.[1] ¶ 14.) This device is "the metal portion of a ring binder that opens and closes and is responsible for securing loose-leaf paper in a ring binder."

---

[1] "Stip." refers to Defendants' Joint Statement of Uncontroverted Material Facts that have been admitted by Plaintiff.

(Id. ¶ 15.) Charles Leonard National, Inc. ("CLN"), and Charles Leonard Western, Inc. ("CLW") purchase the EZ-Touch devices from World Wide and resells them to manufacturers for use in their ring binders. (Id. ¶ 17-18.) Staples The Office Superstore, LLC ("Staples") also purchases the EZ-Touch devices from World Wide for use in ring binder covers sold in its stores to consumers. (Id. ¶ 16.)

World Wide currently manufactures or has manufactured three different versions of the EZ-Touch device: EZ-Touch 1; EZ-Touch 2; and EZ-Touch PH. (Id. ¶ 19.)

Plaintiff alleges that the EZ-Touch device infringes its 729 patent. Defendants disagree and seek in their pending summary judgment motion a finding of non-infringement. The parties' current dispute centers on the term "lever arm."

That term was defined by the Court in a claim construction ruling as follows:

> Each release lever includes a thumb or finger plate and a lever arm. The lever arm is attached to the leaves of the binder without requiring any additional mechanisms or fasteners such as a pin column, a rivet, or trunnions to operate the leaves.

(Doc. 116 at 5.) In so ruling, the Court relied, in part, on the prosecution history of the 729 patent wherein the patent examiner, citing United States Patent No. 779,142 (the Trussell patent) and United States Patent No. 1,997,447 (the Birbaum patent), initially rejected various claims of the '729 Patent application. (Id. at 2-3.) In response, Plaintiff sought to distinguish its patent from the Trussell and Birbaum patents:

> The Trussell Patent also fails to teach or disclose the lever arm set forth in the claims. . . . The lever 7 of the Trussell Patent is attached to a spring plate by a pin 8. No similar configuration or construction is required in the present

> invention (see e.g. FIGS. 3&4). To the contrary, the lever arms of the present invention attach to the leaves of the binder without requiring any additional mechanisms or fasteners to provide for operation of the leaves, thereby eliminating the need for a pin 8 as required in the Trussell binder, and also eliminating additional manufacturing and labor costs assembling such binder as taught by the Trussell patent.
>
> . . .
>
> As noted by the Examiner, the lever of Trussell travels up and down and rocks about pin 8. As discussed above, no similar fastening mechanism is required in the present invention to secure the lever to the leaves or binder. . . .
>
> No structure that is similar to the Birbaum configuration is required in the present invention. The lever of the present invention does not rock about a pin as required in the Trussell patent, or about a rivet or require trunnions to provide for a rocking motion as required in the Birbaum patent.

(Id.) The Court found in its previous ruling that these distinctions urged by Plaintiff when defending its '729 patent application describe the lever arm in the '729 patent as attaching to the leaves of the binder without the need for additional mechanisms, such as a pin, rivet, or trunnion. (Id. at 3.)

Plaintiff's expert, Paul A. Whaley, states that the lever arm of the EZ-Touch device (1) "extends beneath the leaves and is attached to and in constant contact with the leaves"; (2) "extends above the leaves and is in constant contact with the leaves by portions that extend through openings in the leaves"; and (3) "is attached to the leaves by virtue of the pin . . . ." (Pl. Ex. A, Whaley Decl., ¶ 14-16.) If the pin is removed from the device, the lever arm can be detached from the leaves. (Id. ¶ 16.) "This confirms that the lever arm is attached to the

- 3 -

leaves and that the pin is the structure that facilitates the attachment." (Id.) This is all depicted in Plaintiff's Exhibit B.

Defendants' declarant, Simon To, describes the pin of the EZ-Touch device as supporting the lever and allowing the lever "to pivot, or rock back and forth, to open the device." (Defs. Ex. 6, To Decl., ¶ 8.) Additionally, the lever "rests against the hinge plates [referred to as leaves in the '729 patent] . . . of the device." (Id. ¶ 9.) "[T]he lever of the EZ-Touch does not attach to the hinge plates in any way." (Id. ¶ 10.) The schematics of the EZ-Touch device depict the above lever and hinge plate as described by Mr. To. (To Decl. Exs. A-C.)

The lever arm is described further by Dr. Jeffrey Ball[2] when distinguishing it from the finger plate. (Doc. 135, Ball Decl. ¶ 9-10.) Dr. Ball takes issue with Mr. Whaley's diagram of the EZ-Touch device on the grounds that Mr. Whaley's identification of the lever arm includes the finger plate/levers as well as the intermediate connector and travel bar of the accused device. (Id. ¶ 7-8; Pl. Ex. B.)

The parties not submitting the declarations of To, Whaley, or Ball move to strike them.

## Discussion

Motion for Summary Judgment.  Although the law of the Federal Circuit Court of Appeals governs the "issues of substantive patent law and certain procedural issues pertaining

---

[2]Dr. Ball's declaration was submitted in support of Defendants' motion to strike Mr. Whaley's declaration.

to patent law," **Invitrogen Corp. v. Biocrest Mgr., L.P.**, 424 F.3d 1374, 1378-79 (Fed. Cir. 2005), the grant or denial of summary judgment is reviewed by the law of the Eighth Circuit Court of Appeals, see **MicroStrategy, Inc. v. Business Objects, S.A.**, 429 F.3d 1344, 1349 (Fed. Cir. 2005).

The Eighth Circuit has held that "Rule 56(c) [of the Federal Rules of Civil Procedure] 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" **Erenberg v. Methodist Hosp**., 357 F.3d 787, 791 (8th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). The initial burden is on the moving party to clearly establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. See **City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.**, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the non-moving party must do more than show that there is some doubt as to the facts. See **Matsushita Elec. Indus. Co. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986).

The law of the Federal Circuit is that an "[i]nfringement analysis involves a two-step process: the court first determines the meaning of disputed claim terms and then compares the accused device to the claims as construed." **Wavetronix LLC v. EIS Elec. Integrated Sys.**, 573 F.3d 1343, 1354 (Fed. Cir. 2009). "'To prove infringement, the patentee must show that the accused device meets each claim limitation either literally or under the doctrine of

equivalents.'" **Seachange Int'l, Inc. v. C-COR, Inc.**, 413 F.3d 1361, 1377 (Fed. Cir. 2005) (quoting Catalina Mktg Int'l, Inc. v. Coolsavings.com, Inc., 289 F.3d 801, 812 (Fed. Cir. 2002)). A determination of infringement is a question of fact, **Catalina**, 289 F.3d at 812, which may still be decided by summary judgment, **General Elec. Co. v. Nintendo Co., Ltd.**, 179 F.3d 1350, 1353 (Fed. Cir. 1999). "Summary judgment of no literal infringement is proper when, construing the facts in a manner most favorable to the nonmovant, no reasonable jury could find that the accused system meets every limitation recited in the properly construed claims." **Catalina**, 289 F.3d at 812. "Literal infringement requires that the accused device literally embodies every limitation of the claim." **Revolution Eyewear, Inc. v. Aspx Eyewear, Inc.**, 563 F.3d 1358, 1369 (Fed. Cir. 2009); accord **DeMarini Sports, Inc. v. Worth Inc.**, 239 F.3d 1314, 1331 (Fed. Cir. 2001).

Summary judgment may also be appropriate under the doctrine of equivalents. **CAE Screenplates, Inc. v. Henrich Fiedler GmbH & Co.**, 224 F.3d 1308, 1319 (Fed. Cir. 2000).

> An accused device that does not literally infringe a claim may still infringe under the doctrine of equivalents if each limitation of the claim is met in the accused device either literally or equivalently. An element in the accused product is equivalent to a claim limitation if the differences between the two are 'insubstantial' to one of ordinary skill in the art. Insubstantially may be determined by whether the accused device performs substantially the same function in substantially the same way to obtain the same result as the claim limitation.

**Amgen Inc. v. F. Hoffman-LA Roche Ltd.**, 580 F.3d 1340, 1382 (Fed. Cir. 2009) (internal citations and quotations omitted).

For the following reasons, the record before the Court establishes that there is no genuine issue of material fact as to whether the EZ-Touch device infringes on Plaintiff's '729 patent.

It is apparent from all the testimony, exhibits, and depictions of the EZ-Touch device, that its finger plate and lever arm (shown in black on Plaintiff's Ex. B) pivot on a pin (shown in red on Ex. B) touching the leaves (shown in blue). When the finger plate is depressed, the lever arm travels upward, pushing on the leaves and causing the rings to open. Further, the lever arm of the EZ-Touch device is in contact with the leaves but is not connected to or attached to the leaves of the binder through the use of any fastening mechanism. Indeed, there is no evidence that the lever arm is attached to the leaves on the EZ-Touch device. Any contact of the lever arm with the leaves, *whether the lever arm is attached to the leaves or simply touches the leaves*, is by virtue of the pin and its operation. (Cf. Court's construction of the term "lever arm" in the '729 patent, see page 2, above – "The lever arm is attached to the leaves of the binder *without* requiring any additional mechanisms or fasteners such as a pin column, a rivet, or trunnions to operate the leaves."[3]).

There is a distinction between touching and attached. This distinction is blurred by Mr Whaley. To attach is to "tack[ ] on; fasten[ ] by a material union . . . ." Oxford English Dictionary, http://dictionary.oed.com/cgi/entry/50014328?query_type=word&queryword

---

[3]Plaintiff notes in footnote six in its response in opposition to the motion for summary judgment that the Court's construction does not require "direct attachment" of the lever arm to the leaves.

=attached (last visited Dec. 2, 2009). It is clear from examining the EZ-Touch 1 device[4] that the plastic lever arm/release lever is not attached to the *leaves* of the apparatus.[5] The lever arm is not tacked on to the leaves nor is it fastened to the leaves by any material union. Rather, the lever arm is simply touching or resting on the leaves. Mr. Whaley's declaration expands the definition of the lever arm, however, by including two other mechanisms in the device – the intermediate connector and the slide bar. Plaintiff's Exhibit B clearly demonstrates a "U-shaped" mechanism described in Plaintiff's '729 Patent by which finger pressure is applied to the leaves. (See '729 Patent, col. 3 ll. 51-54; Whaley Dec. ¶ 7.) The intermediate connector and slide bar are not relevant to this process.

The EZ-Touch finger plates and lever arm are attached to the apparatus with a pin. This is the distinguishing feature of the EZ-Touch device as it relates to this case. There is no dispute that the lever arm touches and is in contact with the leaves because of the pin. (See Whaley Dec. ¶ 16; To Dec. ¶¶ 7-10; Ball Dec. ¶¶ 9, 10.) This undisputed fact clearly demonstrates that the accused device does not infringe on Plaintiff's '729 Patent in light of the Court's construction of the term "lever arm." See page 2, above.

Plaintiff offers another argument, concentrating on the word "additional" in the Court's construction – "attached to the leaves of the binder without requiring any *additional* mechanisms or fasteners . . . ." (See Whaley Dec. ¶ 17-18.) Plaintiff contends that there is no

---

[4]Defendants' Exhibit 15 from the Markman Hearing.

[5]The Court uses the term "apparatus" to refer to the entire structure at issue.

*additional* mechanism in the EZ-Touch device because the same pin that facilitates the lever arm operation also attaches the lever arm to the leaves. Consequently, Plaintiff argues, the EZ-Touch device matches the Court's construction of "lever arm." The Court disagrees.

The Court's construction provides that the lever arm is attached to the leaves without requiring any additional mechanism, such as *a* pin. It does not provide that the lever arm is attached to the leaves with *one* pin without requiring an additional pin. The term additional in the Court's construction refers to *any* mechanism such as *a* pin, rivet, or trunnion.

This construction and its application to the present dispute finds support in the prosecution history of the '729 Patent. Faced with the rejection of its patent application based, at least in part, on two prior patents, Plaintiff emphasized that the lever of its invention attached to the leaves without requiring any additional mechanisms or fasteners, thereby eliminating the manufacturing and labor costs that such step would require. A patent applicant's "' narrowing amendment for purposes of patentability, or clearly and unmistakably surrender[ ] of subject matter by arguments made to an examiner'" may prevent a patentee, such as Plaintiff, from relying on the doctrine of equivalents, see page 6, above, when arguing infringement. **AquaTex Indus., Inc. v. Techniche Solutions**, 419 F.3d 1374, 1382 (Fed. Cir. 2005) (quoting Salazar v. Proctor & Gamble Co., 414 F.3d 1342, 1344 (Fed. Cir. 2005)).

The Court finds that the EZ-Touch device does not satisfy the claim limitations defined by the Court in its construction of "lever arm"; consequently, there is no genuine issue of

material fact as to whether the accused EZ-Touch device infringes on the '729 patent either literally or under the doctrine of equivalents.

Defendants' motion for summary judgment shall be granted.

Motions to Strike. Citing Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), Defendants move to strike the declaration of Mr. Whaley and Plaintiff moves to strike the declarations of Mr. To and Dr. Ball. Each declaration was submitted in support of the respective parties' positions on the issue of non-infringement by the lever arms of the EZ-Touch device.

The Declaration of Simon To. Plaintiff moves to strike the declaration of Mr. To, the chief executive officer ("CEO") of World Wide, on the grounds that Mr. To's qualifications have not been satisfactorily established. Defendants respond that Mr. To (a) is not propounded as an expert and therefore is not subject to Federal Rule of Evidence 702; (b) founded World Wide in 1979, has thirty years experience in the ring metal industry, was the factory manager at World Wide from 1979 to 2002, and has been the CEO of the company since 2002; and (c) is a named inventor of numerous patents relating to ring binders.

The Court finds that Mr. To has sufficient qualifications to provide the factual statement contained in his declaration. The motion to strike will be denied.

The Declaration of Paul Whaley. Defendants move to strike Mr. Whaley's declaration on the grounds that, according to Defendants, his opinions are "ill founded" and are based on a "misapplication" of the Court's claim construction. Plaintiff notes that Defendants do not

challenge Mr. Whaley's qualifications. They cite no basis for striking his declaration other than their disagreement with his conclusions.

Defendants arguments are unavailing. Mr. Whaley is qualified and his opinion is relevant. Their motion to strike will be denied.

<u>The Declaration of Dr. Jeffrey Ball.</u> Plaintiff moves to strike Dr. Ball's declaration on the grounds that it was submitted after the summary judgment briefing cycle had been completed and is, therefore, out of time. Additionally, Plaintiff argues that Defendants are using Dr. Ball to buttress Mr.To's declaration because Mr.To is unqualified. Defendants counter that Dr. Ball's declaration is intended to respond to Paul Whaley's declaration.

The Court finds no reason to strike Dr. Ball's declaration. This motion to strike will also be denied.

## Conclusion

The Court finds that the lever arms in the accused EZ-Touch device do not infringe on Plaintiff's '729 patent. Accordingly,

**IT IS HEREBY ORDERED** that the renewed motion for summary judgment of Staples The Office Superstore, LLC; World Wide Stationery Manufacturing Co., Ltd.; Charles Leonard National, Inc.; and Charles Leonard Western, Inc., is **GRANTED**. [Doc. 118]

**IT IS FURTHER ORDERED** that the three motions to strike are each **DENIED**. [Docs. 127, 134, 141]

**IT IS FURTHER ORDERED** that the motion for a hearing is also **DENIED**. [Doc. 144]

**IT IS FINALLY ORDERED** that the parties are to file **on or before December 18, 2009**, a joint statement setting forth what issues, if any, remain pending.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of December, 2009.