UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| U.S. RING BINDER, L.P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:08cv0583 TCM |
| ) | |
| STAPLES THE OFFICE ) | |
| SUPERSTORE, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the $5,417.00 bill of costs submitted by Defendants and objected to by Plaintiff.[1] All of the costs sought are "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). At issue are (a) the costs of five depositions[2] noticed by Plaintiff and not cited by Defendants in their motion for summary judgment; (b) videographer fees for the depositions of Mark Nold and Balakrishnan Premnath; and (c) expedited transcript fees.

A district court has substantial discretion in awarding costs. **Marmo v. Tyson Fresh Meats, Inc.**, 457 F.3d 748, 762 (8th Cir. 2006); **Smith v. Tenet Healthsystem SL, Inc.**, 436 F.3d 879, 889 (8th Cir. 2006). "'A prevailing party[3] is presumptively entitled to recover all of its costs.'" **168th and Dodge, LP v. Rave Reviews Cinemas, LLC**, 501 F.3d 945, 958

---

[1] Defendants originally moved for an award of $5,514.26 in costs. They have since withdrawn their request for $97.26 for shipping costs.

[2] These are the depositions of Hilly Chasen, Kenneth Sherman, Phil Barry, Kenneth Zins, and Mark Dawkins.

[3] It is undisputed that Defendants are the prevailing party.

(8th Cir. 2007) (quoting In re Derailment Cases, 417 F.3d 840, 844 (8th Cir. 2005)) (footnote added). "The losing party bears the burden of overcoming th[is] presumption . . . , meaning that the losing party must 'suggest a rationale under which the district court's actions constitute an abuse of discretion.'" **Id.** (quoting Janis v. Biesheuvel, 428 F.3d 795, 801 (8th Cir. 2005)). Not all expenses of litigation are costs taxable against the losing party, however, and those that are taxable are defined in 28 U.S.C. § 1920. See **Brisco-Wade v. Carnahan**, 297 F.3d 781, 782 (8th Cir. 2002); **Pershern v. Fiatallis North America, Inc.**, 834 F.2d 136, 140 (8th Cir. 1987). Moreover, a bill of costs should always be given careful scrutiny. **Koppinger v. Cullin-Schiltz and Assocs.**, 513 F.2d 901, 911 (8th Cir. 1975).

"A district court may tax transcription costs if a deposition was 'necessarily obtained for use in a case' and was not 'purely investigative.'" **Marmo**, 457 F.3d at 762 (quoting Smith, 436 F.3d at 889). When determining which depositions satisfy this criteria, "the better practice is to determine which depositions were reasonably necessary in the light of facts known to counsel at the time they were taken." **Zotos v. Lindbergh School Dist.**, 121 F.3d 356, 363 n.2 (8th Cir. 1997) (internal quotations omitted). Copies of depositions of their own employees or executives – depositions taken on notice of the opposing party – could easily have reasonably seemed necessary to Defendants at the time they were taken. See **Slagenweit v. Slagenweit**, 63 F.3d 719, 721 (8th Cir. 1995) (copy of party's own deposition was not improperly taxed given that the deponent did not show that it was purely investigative). These costs will be taxed.

Plaintiff also argues that the costs of videotaping the depositions of Nold and Premnath should not be taxed. Following the Eighth Circuit's holding in **Craftsmen**

**Limousine, Inc. v. Ford Motor Co.**, 579 F.3d 894, 897-98 (8th Cir. 2009),[4] that video deposition costs are taxable, this Court has held that the costs of both transcript and video depositions are taxable. See Avante Int'l Tech. Corp. v. Premier Elec. Sys., Inc., No. 4:06cv0978 TCM (E.D. Mo. Oct. 7, 2009); accord Advanced Software Design Corp. v. Fiserv, Inc., 4:07cv0185 CDP (E.D. Mo. Oct. 23, 2009). The videographer fees for Nold's and Premnath's depositions will be taxed.

Defendants also seek $770.80 for costs of an expedited transcript, explaining that the rush was caused by Premnath's failure to answer questions during his deposition and the deadline nine days later for filing motions to compel. Attached to the motion to compel are twenty-eight pages of Premnath's deposition. This explanation does not clarify why there was a *two-day* rush or why whoever was attending the deposition on behalf of Defendants could not recall enough of the substance of what was said, or not answered, in those twenty-eight pages to support the motion to compel filed nine days later. This cost will not be taxed. See **Fogleman v. ARAMCO**, 920 F.2d 278, 286 (5th Cir. 1991) (holding that extra cost of expedited transcript is not taxable unless prior court approval of expedition has been obtained or the character of the litigation necessitates expedited receipt).

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Clerk of Court shall tax the following costs in favor of defendants, Staples The Office Superstore, LLC; World Wide Stationery

---

[4]The Court notes that the case cited by Plaintiff as authority for videos of depositions not being taxable, Arnold v. Amada America, Inc., 2008 WL 4449458 (E.D. Mo. 2008), was decided the year before Craftsmen Limousine.

Manufacturing Co., Ltd.; Charles Leonard National, Inc.; and Charles Leonard Western, Inc., and against plaintiff, U.S. Ring Binder, L.P.:

    Fees for transcripts                        $4,646.20

    **Total Taxable Costs**                 $4,646.20

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  19th  day of May, 2010.