UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| U.S. RING BINDER, L.P., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|  vs. | )   Case No. 4:08cv0583 TCM |
| | ) |
| STAPLES THE OFFICE | ) |
| SUPERSTORE, LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

This Court previously found in favor of Defendants and against Plaintiff on Plaintiff's claim that their "EZ-Touch" ring metal device for use in loose-leaf binders infringed on Plaintiff's patent for a "Ring Binder with Low Profile Ring Metal" (the '729 patent). Two days later, Defendants moved to compel Plaintiff to produce various documents and witnesses. The motion was set for a hearing, which was continued at Plaintiff's request. The day before the hearing, the parties stipulated to the dismissal without prejudice of the only remaining issues, those presented in two counterclaims filed by Defendants.

Defendants now move for an award of attorney fees under 35 U.S.C. § 285, arguing that theirs is an exceptional case based on allegations (a) Plaintiff failed to conduct any prefiling investigation before applying for the '729 patent, as evidenced by the obvious dissimilarity between the patent and the accused device; (b) Plaintiff filed this action in retaliation for being sued four months earlier by one of the Defendants; (c) Plaintiff prolonged this litigation long enough it was obvious Plaintiff would lose; and (d) Plaintiff refused to participate in discovery by producing only one of eight witnesses Defendants

wished to depose and by not answering in good faith Defendants' three requests for production of documents.

Title 35 U.S.C. § 285 authorizes the Court to award reasonable attorney fees to a prevailing party in an "exceptional" patent case.[1] If the prevailing party is one accused of infringing a patent, such award must be predicated on inequitable conduct before the United States Patent and Trademark Office, litigation misconduct, or litigation brought in "subjective bad faith" *and* that is "objectively baseless." **Wedgetail, Ltd. v. Huddleston Deluxe, Inc.**, 576 F.3d 1302, 1304 (Fed. Cir. 2009); accord **Digeo**, 505 F.3d at 1367; **Serio-US Indus.**, 459 F.3d at 1321-22. The inquiry into whether the litigation was objectively baseless need not be made if the litigation was not brought in subjective bad faith and, if made, "does not depend on the state of mind of the plaintiff at the time that the action was commenced, but rather requires an objective assessment of the merits." **Brooks Furniture Mfg. Inc. v. Dutailier Int'l, Inc.**, 393 F.3d 1378, 1381-82 (Fed. Cir. 2005). When determining whether the patentee's conduct supports an award of fees, the Court may "weigh intangible as well as tangible factors," including "the closeness of the question, litigation behavior, and any other factors whereby fee shifting may serve as an instrument of justice." **Serio-US Indus.**, 459 F.3d at 1322 (internal quotations omitted). See also **Brooks Furniture Mfg.**, 393 F.3d at 1384 ("Although the entirety of a patentee's conduct may be considered, enforcement of patent rights that are reasonably believed to be infringed does not entail special penalty when the patentee is unsuccessful."). The burden is on the prevailing party to establish the factors

---

[1]Because § 285 is unique to patent law, Federal Circuit caselaw guides the Court's analysis. See **Digeo, Inc. v. Audible, Inc.**, 505 F.3d 1362, 1366 (Fed. Cir. 2007); **Serio-US Indus., Inc. v. Plastic Recovery Techs. Corp.**, 459 F.3d 1311, 1321 (Fed. Cir. 2006).

favoring an award by clear and convincing evidence. **Digeo**, 505 F.3d at 1367, 1369; **Brooks Furniture Mfg.**, 393 F.3d at 1382. And, "[t]here is a presumption that the assertion of a duly granted patent is made in good faith." <u>**Id.**</u>; <u>accord</u> **McNeil-PPC, Inc. v. L. Perrigo Co.**, 337 F.3d 1362, 1371 (Fed. Cir. 2003) (finding that award of fees was inappropriate when, inter alia, patent had not been held to be invalid when infringement action was initiated).

Consideration of the above-described factors militates against an award of attorney's fees to Defendants. The underlying patent case was vigorously litigated by *both* parties, and the Court had many opportunities to hear one party's various disagreements with the conduct of the other party. The Court decided in favor of Defendants on the question of infringement, but never reached the issues of Plaintiff's alleged discovery abuses and of invalidity or unenforceability of the '729 patent because the parties then dismissed the case.

"Bringing an infringement action does not become unreasonable in terms of § 285 if the infringement can reasonably be disputed. Infringement is often difficult to determine, and a patentee's ultimately incorrect view of how a court will find does not of itself establish bad faith." **Brooks Furniture Mfg.**, 393 F.3d at 1384. <u>See e.g.</u>, **Forest Labs. Inc. v. Abbott Labs.**, 339 F.3d 1324, 1327 (Fed. Cir. 2003) (reversing § 285 award to party who was granted a judgment of nonfringement as a matter of law after a jury trial and who argued patentee's bad faith was demonstrated by patentee's failure to introduce any evidence of infringement, although jury had found such); **McNeil-PPC**, 337 F.3d at 1372-73 (finding that § 285 award was precluded by failure of unsuccessful patentee to disclose prior patents and by "plausible theory of infringement" advanced by patentee's experts); **Farrago v. Rawlings Sporting Goods Co.**, No. 4:06cv958 (CEJ), slip op. at 7-8 (E.D. Mo. Jan. 28,

2009) (rejecting argument that § 285 award was merited because patentee had submitted inaccurate representations of allegedly infringing product; although court did not condone such conduct, it did not rise to requisite level of egregious conduct).

Although the Court ultimately disagreed with Plaintiff on the question of infringement, the Court finds no misconduct or bad faith. "[M]ere negliglence" in construing a patent as being infringed by the opposing party is not enough for a § 285 award. **Digeo**, 505 F.3d at 1369. The Court also finds that Defendants have not carried their burden of showing that Plaintiff filed this action in retaliation for an earlier suit (one in which Plaintiff prevailed) against it by one of the current Defendants or that Plaintiff alone unnecessarily prolonged the litigation.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' motion for attorney fees is **DENIED**. [Doc. 160]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  21st  day of May, 2010.